IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRI-CON, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:06CV00577 |
| | ) |
| VOLVO TRUCKS NORTH AMERICA, | ) |
| INC., a Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pursuant to directions contained in this Court's bench order and minute entry of January 29, 2007, Volvo has filed a Motion for Partial Summary Judgment seeking dismissal of Plaintiffs' breach of warranty and breach of contract claims on grounds that the claims are barred by the four-year statute of limitations under Michigan law and that neither the Michigan Saving Statute, M.D.L.A. § 600-5856, nor the Michigan Class Action Rule, M.C.R. 3.501(F), tolls the statute of limitations in this case. (Pleading Nos. 48, 49.) Plaintiffs have opposed the motion. (Pleading No. 53.) Volvo has filed a Reply, as well as a pleading styled "Motion in the Alternative to Stay Consideration of [Volvo's] Motion for Partial Summary Judgment Pending Court-Ordered Discovery and Supplemental Briefing." (Pleading No. 55.) Plaintiffs have not responded to Volvo's alternative motion.

In its alternative motion, Volvo advises that a third Michigan statute not previously addressed by the parties may apply to the case. Specifically, Volvo cites to the statute entitled "Actions accruing outside state," which provides in pertinent part that

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply.

M.C.L.A.§ 600.5861. This statute has been interpreted to mean that "the limitation period applicable to a claim brought in Michigan by a nonresident shall be either the statute of limitations of Michigan or the applicable limitation period of the jurisdiction where the cause of action accrued, whichever bars the claim." *Bechtol v. Mayes*, 198 Mich. App. 691, 693, 499 N.W.2d 439, 440 (Mich. App. 1993). In other words, if the statute of limitations of either state or jurisdiction bars the plaintiff's claim, the action should be dismissed. *Makarow v. Volkswagen of America, Inc.*, 157 Mich. App. 401, 405, 403 N.W.2d 563, 565 (Mich. App. 1987).

Where the borrowing statute would apply the statute of limitations of the accrual state, the tolling rules of the accrual state must also be applied. *Hover v. Chrysler Corp.*, 209 Mich. App. 314, 318, 530 N.W.2d 96, 98 (Mich. App. 1994). For purposes of determining whether a plaintiff's claim accrued within or without the State of Michigan under the borrowing statute, claims for breach of contract and for breach of warranty accrue where the breach occurred. *Scherer v. Hellstrom*, 270 Mich. App. 458, 462-63, 716 N.W.2d

307, 310-11 (Mich. App. 2006); *Durcon Co. v. Detroit Edison Co.*, 250 Mich. App. 553, 558, 655 N.W.2d 304, 308 (Mich. App. 2002).

In light of inadequate information concerning where the alleged vehicles were purchased and/or the alleged breaches occurred, Volvo asks the Court to stay consideration of the pending Motion for Partial Summary Judgment until such time as the parties have conducted discovery and filed supplemental briefs addressing the impact of Michigan's borrowing statute.

Having reviewed the authority cited herein, as well as the record, **IT IS ORDERED** that the parties have until February 15, 2008 to complete general discovery, both fact discovery and expert discovery, regarding the claims of the named Plaintiffs and the defenses of the Defendant. Thereafter, the parties may, within 30 days, file dispositive motions regarding the claims of the named Plaintiffs. The Court will consider class action issues after ruling on any such dispositive motions.

**IT IS FURTHER ORDERED** that this action is removed from the master trial calendar for October 2007.

**IT IS FURTHER ORDERED** that counsel must confer in person before filing any motions to compel discovery. The pending discovery motion (Pleading No. 45) will not be

reached by the Court until the parties have conferred in person and supplemented their briefs in view of such conference.


United States Magistrate Judge

Date: August 22, 2007