IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRI-CON, INC., MICHAEL MERRICK, )
GERALD PIZZINI, DOUGLAS FABISH, )
FRANK JACKSON, JEMMIE ALMUETE, )
THOMAS PITTS, SHIRLEY CARREY )
BALDT, JOHNNY WATERMAN, )
DOUGLAS SMITH, CAROL SMITH, )
CHRISTOPHER PHILLIPS, GILMORE )
SWEITZER, REBECCA EUBANKS, )
JODY SHELLITO, ARTURO )
RODRIGUEZ, and JACK FLANNIGAN, )
                                        )
         Plaintiffs, )
                                        )
     v.                               )         1:06CV577
                                        )
VOLVO TRUCKS NORTH AMERICA, )
INC., a Delaware Corporation, )
                                        )
         Defendant. )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

      This matter comes before the Court on Defendant Volvo's motion for sanctions. (Docket No. 89.) Defendant moves for sanctions against Plaintiffs' counsel, Joe J. Fisher and Mark Sparks, pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 1927. Volvo seeks sanctions in the amount of its full defense costs in this action ($188,825.29) as an alleged result of "Plaintiffs' counsel bringing and pursuing this lawsuit without conducting a reasonable inquiry into whether their clients'

claims were barred by the statute of limitations, and for failing to timely provide information in discovery that would have established that bar." (Docket No. 89 at 1.) Plaintiffs' counsel have responded in opposition to the motion, and Volvo has filed a reply.

On review, and for reasons stated herein, the Court concludes that Volvo's motion for sanctions under Rule 11 and 28 U.S.C. § 1927 should be denied. The request for sanctions against counsel under Rule 37 raises significant issues, however, and the Court considers that the current briefing by the parties is inadequate to allow the Court to rule at this time. The parties devoted most of their argument in briefing to issues related to Rule 11 and 28 U.S.C. § 1927, and attention to Volvo's Rule 37 motion has been limited. The Court will, by order set forth herein, provide for an abbreviated briefing schedule focused exclusively on matters related to Defendant's Rule 37 motion.

The undersigned magistrate judge has exercised supervision over this case for an extended period of time and is well familiar with its progress and eventual determination. The action reached this court by transfer from the Western District of Michigan on December 30, 2005. This Court entered an initial pretrial order on August 1, 2006. On August 16, the Court called for re-briefing of a motion to dismiss that was originally filed in the Western District of Michigan. (Docket No. 30.) After that briefing was complete, the Court heard oral argument on Defendant's statute of limitations defense. At oral argument, the Court determined that limited discovery should be granted on Defendant's limitations defense and that its motion to dismiss should thereafter be converted to a summary judgment

motion. The Court did not reach a first motion to compel discovery that had been filed by Defendant. (Minute Entry for Jan. 29, 2007.)

Volvo filed a motion for partial summary judgment on February 28, 2007. Before the Court could rule on that motion, Volvo filed a motion to stay consideration of its motion pending further discovery and supplemental briefing regarding a newly-discovered Michigan statute that could be relevant to its limitations defense. The Court allowed the parties further discovery and established a new date for dispositive motions.

On October 24, 2007, Volvo filed a second motion to compel discovery. (Docket No. 57.) Several of the originally named Plaintiffs filed requests for voluntary dismissal, which were granted by the Court. (Docket Nos. 60, 61, 66, 67, 68, 71, 72, 73, 74, and 77.) Volvo filed a third motion to compel discovery. (Docket No. 69.) Thereafter, Volvo filed a motion for partial summary judgment on its statute of limitations defense on March 17, 2008. On April 16, Plaintiffs' counsel filed a letter response to the motion, advising the Court that "Plaintiffs are compelled to inform this court that they have no non-frivolous response to this motion [for summary judgment]." (Docket No. 83.) The Court therefore proceeded to grant summary judgment to Volvo and to enter a Judgment dismissing this action. (Docket Nos. 87 and 94.) Nonetheless, the Court, before entering judgment, acknowledged that Volvo reserved the right to seek sanctions against Plaintiffs' counsel under pertinent federal rules and statutes. (Docket No. 87.)

In its reply brief, Volvo appears to concede that its Rule 11 "motion" cannot be granted in the procedural posture of this case,[1] and Volvo limits its argument for Rule 11 sanctions to the proposition that the Court should, *sua sponte*, exercise its "inherent authority" to impose sanctions upon Plaintiffs' counsel under "Rule 11(c)(1)(B)."[2] (Docket No. 96.) (Rule 11 was recently amended for stylistic purposes, effective December 1, 2007, so that the former provisions of Rule 11(c)(1)(B) are now addressed in Rule 11(c)(3).) Rule 11(c)(3) provides that the Court, on its own initiative, "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." In this case, there has been no "show cause" order issued by the Court. It might be argued that Volvo's motion and the briefing by both parties is the functional equivalent of a show cause order, but this is clearly not so. A show cause order under Rule 11(c)(3) would include a concise statement *by the Court* specifically identifying the conduct that is being considered as a possible violation of Rule 11(b). Such conduct could relate to an attorney's certification of the attorney's belief that a paper filed with the Court is not presented for an

---

[1] At page 9 of its reply brief, Volvo writes that "[w]hile Counsel may be safe from a Rule 11 motion brought by Volvo, they are not immune from Rule 11 sanctions." Volvo then makes reference to the Court's inherent authority to act on its own initiative. (Docket No. 96.)

[2] Volvo has not complied with the "safe harbor" provisions of Rule 11(c)(2) and therefore its "motion" for sanctions cannot be considered by the Court. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004)(*en banc*). Indeed, a Rule 11(c)(2) motion for sanctions is improper if it challenges initial pleadings in a case but is not filed until after summary judgment has been granted. *Id.*

improper purpose, that claims made are warranted by existing law, that factual contentions have evidentiary support, or that factual contentions are denied based on evidence or may be reasonably denied on the basis of belief or a lack of information. *See* Rule 11(b)(1-4).

While the Court has authority to issue a show cause order under Rule 11(c)(3), the Court has not done so in this case and does not do so at this time. This case began in Texas state court in 2003, when forty-two plaintiffs filed a class-action complaint against Volvo alleging front-end failures in Volvo's Class 8 trucks. Plaintiffs' counsel voluntarily dismissed the Texas action in 2006, but only after filing suit against Volvo on similar claims in the Western District of Michigan on behalf of seventeen named plaintiffs and a putative class of plaintiffs. Ten of these seventeen plaintiffs were plaintiffs in the Texas state court action. In the initial Texas action and the subsequent federal action, Volvo has maintained a defense that Plaintiffs' claims are barred by applicable statutes of limitation.

Volvo's defense has been actively litigated in this court. In fact, early in the litigation, the Court limited discovery and motion practice exclusively to the limitations defense. Discovery proceeded on the defense, but resulted repeated discovery disputes that led to three motions to compel discovery filed by Volvo. These motions remain for determination in connection with Volvo's Rule 37 motion for sanctions. Eventually, Volvo moved for summary judgment on its limitations defense against the eight Plaintiffs who remained before the Court in March 2008. Plaintiffs did not oppose the summary judgment motion, and the Court granted judgment to Volvo.

Volvo's limitations defense became embroiled in this case with tolling issues under *American Pipe &Construction Company v. Utah*, 414 U.S. 538 (1974), in view of the previous pendency of the Texas case wherein class-action certification was requested. Issues of Michigan law also became the focus of argument between the parties. Ultimately, as to the remaining eight Plaintiffs in this action, Volvo's limitations defense was determinable on summary judgment review based upon discovery given in the case by Plaintiffs, without reference to *American Pipe* tolling issues or state tolling rules as to most of the Plaintiffs.

Volvo moves for sanctions against Plaintiffs' counsel based upon counsels' alleged actions in bringing this lawsuit without conducting a reasonable inquiry into a statute of limitations defense by Volvo and for failing to timely provide Volvo with information in discovery that would allow Volvo to establish its defense. The Court finds no reason, however, to act *sua sponte* under Rule 11(c)(3). Volvo's argument that Plaintiffs' counsel should never have filed this action had they made "reasonable inquiry" is simply too ambitious in view of the procedural and substantive complexities of this case which started as a class-action complaint with forty-two named plaintiffs and came to involve (or at least to appear to involve) complex issues of tolling and Michigan statutory law. The Court's real concern is the slow pace at which discovery information was afforded to Volvo by Plaintiffs' counsel. It is for this reason that the Court will order further exploration and consideration of Volvo's Rule 37 motion for sanctions. Nonetheless, Volvo's Rule 11(c)(2) motion for

-6-

sanctions should be denied as improper in view of *Brickwood Contractors* and Volvo's failure to comply with the "safe harbor" provision of the rule.

Nor does the Court find a basis for imposition of sanctions against Plaintiffs' counsel pursuant to 28 U.S.C. § 1927. Under that rule,

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Generally, courts exercise authority to impose sanctions under this section "only in instances of a serious and studied disregard for the orderly process of justice." *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989)(quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). The Court does not find willful bad faith and other egregious conduct on the part of Plaintiffs' counsel in the general conduct of this litigation. Indeed, counsel did not extend or "multiply" this case at the dispositive stage but conceded Volvo's summary judgment motion when, after discovery information was argued by Volvo in light of controlling authority, Plaintiffs' counsel reported they had "no non-frivolous response" to make. (Docket No. 83.) The Court finds no basis for imposition of sanctions under 28 U.S.C. § 1927.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Volvo's motion for sanctions (Docket No. 89) against Plaintiffs' counsel pursuant to Rule 11 or 28 U.S.C.

§ 1927 be denied. The request of Plaintiffs' counsel for costs should be denied. Further, **IT IS ORDERED** that by November 21, Volvo may file a twenty-page brief (which does not incorporate previous filings by reference) on its Rule 37 motion. The brief should be accompanied by an affidavit of costs and fees associated with Volvo's motions to compel discovery. Plaintiffs' counsel may respond as permitted by the local rules and Volvo may have a final reply.

                                        /s/ P. Trevor Sharp
                                     United States Magistrate Judge

Date: November 4, 2008