# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TRI-CON, INC., MICHAEL MERRICK, GERALD PIZZINI, DOUGLAS FABISH, FRANK JACKSON, JEMMIE ALMUETE, THOMAS PITTS, SHIRLEY CARREY BALDT, JOHNNY WATERMAN, DOUGLAS SMITH, CAROL SMITH, CHRISTOPHER PHILLIPS, GILMORE SWEITZER, REBECCA EUBANKS, JODY SHELLITO, ARTURO RODRIGUEZ, and JACK FLANNIGAN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:06CV577 |
| VOLVO TRUCKS NORTH AMERICA, INC., a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Volvo's Rule 37 motion for discovery sanctions against Plaintiffs' Texas counsel, Joe J. Fisher and Mark Sparks of Provost Umphrey, L.L.P. ("Texas Counsel").[1] (Docket No. 89.) The Court permitted post-judgment

---

[1] In its Memorandum of Law filed November 21, 2008, Volvo also includes for the first time an argument for sanctions pursuant to Fed. R. Civ. P. 26(g). However, that argument was not authorized by the Court's Order of November 4, 2008. Further, under the dictates of LR54.2, any separate Rule 26 motion by Volvo would have been due within 60 days of the entry of judgment. Judgment was entered in this action on July 28, 2008. Accordingly, the invocation of Rule 26(g) as a basis for sanctions against Plaintiffs' Texas Counsel is untimely. In any event, the Court's analysis of Volvo's Rule 37 request for sanctions would have application to any Rule 26(g) request, and would result in a similar denial of the request.

briefing of this issue, and Volvo filed its principal brief on November 21, 2008. (Docket No. 99.) Plaintiffs filed a response on December 11, and Volvo filed a final reply on December 18. Defendant's request for Rule 37 sanctions against Texas Counsel is now ready for a ruling.

The case has a long history that is summarized in the Recommendation and Order of the undersigned filed November 4, 2008. This Court has supervised the action throughout, and has substantial familiarity with the proceedings. Defendant Volvo filed three separate motions to compel discovery during the pendency of the action, none of which culminated in a final order of the Court. Instead, the motions generally resulted in directives that gradually focused discovery on the limited issue of Volvo's statute of limitations defense, a defense on which Volvo ultimately prevailed at the summary judgment stage.

Volvo's motion for Rule 37 sanctions is based upon a contention that Texas Counsel for Plaintiffs never provided specific discovery with regard to most of the named Plaintiffs in this action, despite repeated written discovery requests, but instead continuously responded by stating "will supplement." As to most Plaintiffs, however, written discovery was never supplemented in a significant way, and Volvo was ultimately forced to obtain discovery, including document production, from some named Plaintiffs by going to the expense of scheduling and conducting depositions. Texas Counsel does not deny the assertion that called-for discovery was never provided on behalf of many Plaintiffs, but argues that, insofar as Rule 37 considerations are concerned, the fault lay with those individual Plaintiffs who

would not provide information to Texas Counsel despite repeated requests. Texas Counsel assert that counsel passed on to Volvo every piece of discovery information that counsel received from their clients.

Rule 37(a)(5) provides that if a discovery motion is to be granted, the court must order payment of the movant's reasonable expenses unless, *inter alia*, circumstances make an award of expenses unjust. With specific reference to sanctions against counsel, Rule 37(a)(5)(A) provides that monetary sanctions should be imposed against an "attorney advising [sanctionable] conduct." Rule 37(b)(2), which Volvo also invokes, permits the court to impose sanctions against an attorney who advises a party to fail to obey an order to provide or permit discovery.

On review of the facts of this case, as shown by the exhibits of the parties, the Court finds that it would be unjust to impose Rule 37 sanctions against Texas Counsel because counsel did not, in fact, advise Plaintiffs, or any of them, to fail to give discovery or to fail to obey a court order. Rather, it is clear from the record that Texas Counsel clearly and repeatedly communicated to their clients, who were over-the-road truck drivers, that the clients were required to furnish discovery information for disclosure to Volvo, but their clients did not cooperate with counsel. *See* Docket No. 101, Pls.' Response, Ex. B, Affidavit of Mark Sparks ("Sparks Aff."); Ex. C, Affidavit of Sasha Kimball ("Kimball Aff."). Texas Counsel went so far in dealing with recalcitrant clients as to prepare and send letters advising that counsel would be forced to dismiss the claims of these clients if discovery answers were

-3-

not immediately provided. (Kimball Aff. at 56-64.) Beginning in late 2007, Texas Counsel did in fact begin taking voluntary dismissals as to the claims of Plaintiffs who had not provided discovery information to counsel. *See* Docket Nos. 59, 65, 68, 71, 74. Ultimately, nine Plaintiffs took voluntary dismissals in this manner.

Even as to the eight Plaintiffs who remained in the case until summary judgment for Volvo was entered on statute of limitations grounds, there is no evidence that Texas Counsel ever advised the Plaintiffs to fail to give discovery or obey a court order. Instead, the record persuasively shows that the named Plaintiffs themselves failed to make available the discovery required of them despite the diligent efforts of Texas Counsel to secure discovery information and to furnish it to Volvo.

Accordingly, the Court finds that there is no basis for imposition of discovery sanctions against Texas Counsel.[2] It is apparent, of course, that this case represents a discovery "train wreck." But the wreck was clearly caused by the named party plaintiffs, not by their counsel. Volvo has, for obvious reasons, chosen not to pursue sanction awards against the individual Plaintiffs.

Ordinarily, appropriate application of the discovery rules would have led to an early death for the claims of parties who failed to participate in discovery. After all, a party who utterly fails to provide discovery should expect to have its claims dismissed as a Rule 37

---

[2] Volvo makes a general argument that Texas Counsel interposed frivolous objections to some discovery requests. Nonetheless, no argument is presented as to specific objections, and the Court finds no basis for the sweeping imposition of monetary sanctions that Volvo requests.

-4-

sanction.  Ultimately, that is effectively what happened (albeit via voluntary dismissals) to many Plaintiffs in this case.  Here, however, the Court never directly ruled on the first, second, or third motions to compel because, when they came up for hearing, issues relating to substantive claims and defenses were also before the Court, and the Court determined that the best-advised and most immediate course of action was to narrow and focus the direction of the case toward resolution on statute of limitations grounds.  This did result in termination of the action, although the obvious recalcitrance of a number of named Plaintiffs remains unaddressed.  Nonetheless, the fault for the discovery failures cannot, on the record before the Court, be laid at the feet of Texas Counsel.  Therefore, any award of sanctions against Texas Counsel would be unjust and improper under the provisions of Rule 37.

Volvo's Rule 37 motion for sanctions should be denied.  **IT IS SO RECOMMENDED**.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 23, 2009